Michael McShane (CA State Bar #127944)
mmcshane@audetlaw.com
Jonas P. Mann (CA State Bar #263314)
jmann@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA  94102
Telephone: (415) 568-2555

Shawn J. Wanta
BAILLON THOME JOZWIAK & WANTA LLP
222 South Ninth Street, Suite 2955
Minneapolis, MN 55402
Telephone:  (612) 252-3570

Charles E. Schaffer
LEVIN FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCLANE COVER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINDSOR SURRY COMPANY, et al.<br><br>Defendants. | Case No. 3:14-05262 EDL-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**Date: November 18, 2015**<br>**Time: 2:00 P.M.**<br>**Courtroom 2, 17th Fl.**<br><br>**Hon. William H. Orrick** |

1     Defendants' request for judicial notice should be denied as it fails to meet the
2 requirements of Fed. R. Evid. 201 and is an improper attempt to introduce extrinsic evidence into
3 a motion to dismiss, the determination of which is limited to the four corners of the complaint.

4     Federal Rule of Evidence 201 allows for the court to take judicial notice of "a fact that is
5 not subject to reasonable dispute because it: (1) is generally known within the trial court's
6 territorial jurisdiction; or (2) can be accurately and readily determined from sources whose
7 accuracy cannot reasonably be questioned." Defendants' attempt to judicially notice their
8 warranty, website, the meaning of the ASTM standards, and an unpublished opinion meet ***none***
9 of the requirements of Rule 201. First, Defendants' attempt to judicial notice a version of its
10 warranty and a version of a single page on its website are obviously not contemplated by Rule
11 201. These are documents that the content and timing of which are likely to be points of
12 contention in this litigation. It can hardly be argued that they are generally known within the
13 Northern District or are sources whose accuracy cannot be questioned. Second, while it is
14 possible to verify the accuracy of the ASTM standards, judicial notice would simply verify that
15 those are indeed the standards and would not, at this stage, have any bearing on whether
16 Defendants did or did not meet those standards – i.e. judicial notice would not resolve how those
17 standards are relevant to this case.

18     Defendants here are improperly attempting to put evidence before the court on a motion
19 to dismiss. It is beyond question that " 'a district court may not consider any material beyond the
20 pleadings in ruling on a Rule 12(b)(6) motion.' " *Lee v. City of Los Angeles*, 250 F.3d 668, 688
21 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Accordingly, none
22 of these documents should even be considered at this stage and thus taking judicial notice of
23 them is improper.

25  Dated this October 14, 2015                    AUDET & PARTNERS, LLP

27                                                 /s/
                                                   Michael McShane
28                                                 mmcshane@audetlaw.com

                                                    1                    3:14-cv-05262 WHO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Jonas P. Mann
jmann@audetlaw.com
711 Van Ness Avenue, Suite 500
San Francisco, CA  94102
Telephone: (415) 568-2555

Shawn J. Wanta
BAILLON THOME JOZWIAK & WANTA LLP
222 South Ninth Street, Suite 2955
Minneapolis, MN 55402
Telephone:  (612) 252-3570

Charles E. Schaffer
LEVIN FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (877) 882-1011

*Attorneys for Plaintiffs*